## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LACY FOSTER, Wife and Personal Representative of the Estate of Jonathan Wesley Foster, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-25-45-PRW |
| WYNNEWOOD REFINING COMPANY, LLC, et al, | ) ) ) | |
| Defendants. | ) ) | |

### <u>ORDER</u>

Before the Court is Plaintiff's Amended Motion to Remand (Dkt. 19), seeking an order remanding this case to the District Court of Garvin County pursuant to 28 U.S.C. § 1447(c). Defendant Wynnewood Refining Company, LLC, responded (Dkt. 34), and Plaintiff replied (Dkt. 39). For the reasons given below, the Court **GRANTS** the Motion (Dkt. 19).

### *Background*

Plaintiff Lacy Foster filed this case in Garvin County, Oklahoma, asserting claims against Defendants Wynnewood; CVR Common Service, LLC; Raymond Ralph; and Douglas Ivy alleging claims of negligence, personal injury, and wrongful death following the death of her husband. Decedent Jonathan Foster was killed by an explosion on May 23, 2023, at Wynnewood's refinery.

1

Plaintiff alleges that Ivy (Wynnewood's operations manager) and Ralph (Wynnewood's safety manager) failed to see that a valve was "properly isolated, bypassed, or locked out" pursuant to Wynnewood's policies and procedures.[1] On May 22, 2023, Mr. Foster and another worker were ordered to troubleshoot a particular valve, but were later instructed to cease work until hazardous fluid was bypassed through that same valve.[2] Ivy instructed the Operations Department to bypass the valve so that repair work could commence the following day.[3] On May 23, 2023, Mr. Foster and another worker were again sent to repair a valve, but the Operations Department failed to bypass or clear hazardous waste from the valve pursuant to Wynnewood safety policies.[4] That valve exploded, causing thermals burns and smoke inhalation that killed Mr. Foster three days later. Plaintiff alleges Defendants were negligent, citing to a slew of OSHA violations that were issued following the explosion[5] and Ivy's sworn statement that he had no idea "how the hell [they]" missed complying with the safety policy that lead to the explosion as a basis for her allegations of negligence.[6] Plaintiff's claims against Ivy and Ralph therefore rely on her assertion that their failures to follow their managerial responsibilities "created a significant certainty that an injury would occur."[7]

---

[1] Am. Mot. Rem. (Dkt. 19), at 3.

[2] *Id.* at 6.

[3] *Id.* at 6–7.

[4] *Id.* at 7.

[5] Compl. (Dkt. 1, Ex. 2), at 9.

[6] Am. Mot. Rem. (Dkt. 19), at 10.

[7] *Id.* at 12.

Wynnewood removed the case to this Court based on diversity of citizenship of the parties. Plaintiff filed her Motion (Dkt. 19), disputing that Ivy and Ralph are fraudulently joined. Wynnewood concedes that Plaintiff and Defendants Ivy and Ralph are all citizens of Oklahoma, but argues that Plaintiff fraudulently joined them, and thus their citizenship should be disregarded for purposes of the diversity analysis.

### *Legal Standard*

To establish fraudulent joinder, Wynnewood "must show that there is no possibility of recovery by the plaintiff[] against the instate defendants"[8]—here, Ivy and Ralph. The Court must decide if there is a "reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant[s]."[9] "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[10]

Typically, "removability can be determined by the original pleadings and normally the statement of a cause of action against the resident defendant[s] will suffice to prevent

---

[8] *Hyman v. Travelers Home & Marine Ins. Co.*, No. CIV-13-820-D, 2014 WL 111942, at *1 (W.D. Okla. Jan. 10, 2014); *see Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) ("[T]he removing party must demonstrate . . . [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). This burden on Defendant comports with the normal rule that the removing party bears the burden of establishing federal jurisdiction. *See Chavez v. Kincaid*, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("[Removing] Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal.").

[9] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

[10] *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

removal."[11] But where a party specifically alleges fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[12] That the Court may pierce the pleadings, however, "does not mean that the federal court will pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."[13]

### *Discussion*

Wynnewood has not argued that Plaintiff committed actual fraud in the pleading of jurisdictional facts. Accordingly, Wynnewood must instead show "[the] inability of the plaintiff to establish a cause of action against the non-diverse part[ies] in state court."[14] The Court finds that Wynnewood has not met its heavy burden to show that there is no possibility of recovery against Ivy and Ralph on Plaintiff's negligence, personal injury, and wrongful death claims. Remand is thus necessary.

In order to prevail on her Motion, Plaintiff must present a reasonable basis for the Court to believe she might succeed in but one claim against Ivy and Ralph as co-employees. By deciding all factual and legal questions in Plaintiff's favor, if Plaintiff can show that co-employees do not have blanket immunity against all work-related tort claims, the Court

---

[11] *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)) (cleaned up); *accord Hyman*, 2014 WL 111942, at *1.

[12] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[13] *Id.* (quoting *Dodd*, 329 F.2d at 85).

[14] *Dutcher*, 733 F.3d at 988.

must conclude there is a reasonable basis for her to sustain an action against Ivy and Ralph in state court.

Plaintiff argues that Oklahoma's intentional tort carve-out of its exclusive remedy scheme, 85A O.S. § 5(C)(2), would allow her to bring her claims against Ivy and Ralph in state court.[15] Plaintiff has directed the Court to holdings from the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals that assert that Oklahoma's workers' compensation statutes "were not designed to shield employers or co-employees from willful, intentional or even violent conduct."[16] Plaintiff then points out that the Oklahoma Supreme Court has held "those injuries that an employer knows are substantially certain to occur" are intentional torts not covered by Oklahoma's exclusive remedy scheme in its workers' compensation system.[17] Plaintiff bootstraps this definition of intentional tort to the sort of intentional torts discussed in *Parret v. UNICCO Service Company,* arguing that Ivy and Ralph's failure to create a safe work environment created a substantial certainty that an employee would face the kind of harm that befell Mr. Foster.

Further, Plaintiff has directed this Court to instances where Oklahoma courts have found "allegations of intentional and/or willful injury at the hands of Supervisors, agents of [the] Company, take the [plaintiff's] claims outside of the exclusive remedy

---

[15] This provision had previously been codified at 85A O.S. § 5(B)(2) prior to the Court issuing this Order.

[16] *Parret v. UNICCO Service Co.,* 127 P.3d 572, 575 (Okla. 2005) (quoting *Thompson v. Madison Machinery Co.,* 684 P.2d 565, 568 (Okla. Ct. Civ. App. 1984)).

[17] *Wells v. Okla. Roofing & Sheet Metal, L.L.C.,* 457 P.3d, 1020, 1029 (Okla. 2019).

provision."[18] The whole ballgame, then, is whether Ralph and Ivy's failures to follow company policy rise to such a level of intentional injury. This is necessarily a question of fact, requiring Oklahoma courts to determine whether Ralph and Ivy's failures to perform their managerial responsibilities created a substantial certainty that Mr. Foster would face the eventual harm he suffered. Based on the record before the Court, it is certainly a colorable argument, as it is still unclear how the hazardous material, known to the Operations Team, had not been bypassed from the valve a day after the first attempt to troubleshoot it had been paused. Again, this Court is not to "pre-try . . . doubtful issues of fact to determine removability[,]" and in weighing whether to remand, questions of fact must be resolved in the non-removing party's favor.[19]

Wynnewood argues that Plaintiff's claims against Ralph and Ivy arise out of their negligence and that Plaintiff's evidence does not support a finding that Ralph or Ivy were substantially certain that their failures would lead to Mr. Foster's death.[20] But as previously stated, this is a question of fact that the Court cannot decide here. While Wynnewood argues that "cases applying the substantial certainty standard require more egregious circumstances than Plaintiff alleges" here, that is, at bottom, a question of fact.[21]

---

[18] *Pursell v. Pizza Inn Inc.,* 786 P.2d 716, 717 (Okla. Ct. Civ. App. 1990) (citations omitted).

[19] *Smoot*, 378 F.2d at 882 (quoting *Dodd*, 329 F.2d at 85).

[20] Def.'s Resp. Mot. Rem. (Dkt. 34), at 18–19.

[21] *Id.* at 23.

Motions such as this necessarily raise concerns about comity and federalism, favoring remand "because [remand] respects the state court's primary role in determining state law."[22] A state court is best situated to weigh the extent of Oklahoma Supreme Court dicta, the possible interactions of Oklahoma's workers' compensation carve-out with Plaintiff's cited caselaw, and to pre-judge Plaintiff's merits of success in asserting a novel question of state law. To be sure, Plaintiff stakes out an aggressive reading and synthesis of Oklahoma caselaw when combined with the facts in this case, and Wynnewood has cast doubt on Plaintiff's ability to succeed in her claims against Ralph and Ivy. To cast doubt, however, is not to render a case fit for "summary determination" or to prove it "with complete certainty."[23] In this posture, the Court may not pre-try the underlying issues. Rather, all factual and legal questions must be resolved in favor of Plaintiff. Here, open questions remain regarding the extent of Ralph and Ivy's knowledge about the dangerous work environment, the extent to which they may have shirked their responsibilities, and whether a co-employee's substantial certainty that injuries might result from his actions would qualify as an intentional tort, among others. Upon review of the record, the Court cannot say that Plaintiff's claims against Ralph and Ivy have "no possibility" of succeeding.[24]

---

[22] *Rx Medical LLC v. Melton,* No. CIV-22-731-PRW, 2022 WL 4000712, at *3 (W.D. Okla. Sept. 1, 2022) (internal citations and quotation marks omitted).

[23] *Smoot,* 378 F.2d at 882 (quoting *Dodd,* 329 F.2d at 85).

[24] *Hyman,* 2014 WL 111942, at *1.

*Conclusion*

Accordingly, the Court concludes that Wynnewood has not met the high burden required to demonstrate fraudulent joinder. The Court **GRANTS** Plaintiff's Amended Motion to Remand (Dkt. 19) and **DIRECTS** the Clerk to remand this action to the District Court for Garvin County, Oklahoma. Defendants Ralph and Ivy's Motion to Dismiss (Dkt. 3) and Defendants Wynnewood, CVR Energy, Inc., and CVR Common Service, LLC's Motion to Dismiss (Dkt. 4) are **DENIED AS MOOT**.

**IT IS SO ORDERED** this 21st day of July 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE